SCOTT *v.* PROVIDENT MUTUAL RELIEF ASSOCIATION.

A certificate of membership in a mutual relief association may be reformed after the death of the member by inserting the name of a beneficiary, when it appears that the secretary of the association and the assured both understood at the time of the application that the proposed name should be entered upon the record without further direction.

BILL IN EQUITY, to reform a certificate of membership of George H. Gigar in the defendant association by inserting therein the name of the plaintiff as beneficiary. The questions arise upon a demurrer to the bill.

The bill sets out portions of the charter and by-laws of the association, which sufficiently appear in the opinion of the court. It then alleges that Gigar became a member of the association May 31, 1880, paid all dues, and continued in good standing until his death, which occurred suddenly April 8, 1882, from an over dose of aconite; that he was formerly a slave, having been brought from Florida by a military officer at the close of the civil war, and it is not known that he had, at the time of his death, any father, mother, or other relative living; that for more than two years before his death the plaintiff had been engaged to be married to him; that he had never named, by entry on his membership certificate, or in any way in writing, the person to whom he desired the benefit to be paid in case of his death, but at the time he made his application for membership, he stated that it was his intention that it should be paid to this plaintiff, and subsequently made similar declarations; that he was wholly unconscious from the time he was taken ill to the time of his death, which was but a few hours, and therefore, by accident and misfortune, was prevented from inserting the plaintiff's name in the said certificate.

*C. C. Rogers* and *W. D. Hardy*, for the plaintiff.

*Barnard & Barnard*, for the defendants.

SMITH, J.   The defendants contracted to pay a sum not exceeding $2,000 as a benefit, upon due notice of the death of Gigar, the assured, and the surrender of his certificate of membership, " to such person or persons as he may, by entry on the record-book of the association or on the face of this certificate, direct the same to be paid."   The bill alleges, and the demurrer admits, that at the time he made application for membership, he stated to the association (which means to its proper officer or officers) that it was his intention that the benefit should be paid to the plaintiff, to whom he was then, and at the time of his decease, betrothed.   The prayer of the bill is for a reformation of the contract by inserting in the membership certificate the name of the plaintiff as beneficiary, and that the benefit may be paid to her.

Section 3 of article 4 of the by-laws makes it the duty of the secretary to keep a record of the members of the association and the persons "to whom the relief is to be paid."   If the fact is found at the trial term that the parties understood direction was given to enter the plaintiff's name upon the record-book as the beneficiary to whom the benefit was payable, and that Gigar understood that her name would be so entered without further direction from him, it was the duty of the secretary to enter it : and the accident or mistake was one which equity will remedy.   The accident could not be said to have arisen from the negligence or fault of Gigar, so as to preclude relief.   Story Eq. Jur., *s.* 105.   Nor would it be the case of the non-execution of a power as distinguished from a trust, where equity does not afford relief.   *Id.*, *ss.* 169, 170.

As equity interposes only as between the original parties and those claiming under them in privity (1 Story Eq. Jur., *ss.* 105, 165), objection may be obviated by an amendment joining Gigar's administrator as co-plaintiff.   She may then prosecute this suit in his name, giving him indemnity, if he requires it, against costs and expenses.   The bill should also contain a prayer that the plaintiff's name may be inserted in the record-book as Gigar's beneficiary.

*Case discharged.*

BINGHAM, J., did not sit : the others concurred.